Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabrina Renee Brown seeks to appeal the district court's order dismissing her civil complaint under 28 U.S.C. § 1915(e)(2) (2012) without prejudice for failure to state a claim. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Because it is possible that Brown could cure the defects in her complaint through amendment, the order she seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-25, 628-30 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993). Accordingly, we dismiss the appeal for lack of jurisdiction and remand the case to the district court with instructions to allow Brown to file an amended complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED WITH INSTRUCTIONS*

Sabrina Renee **BROWN,**
Plaintiff-Appellant,

v.

**PARK PLACE FAMILY MEDICAL CENTER, Defendant-Appellee.**

No. 17-1317

United States Court of Appeals, Fourth Circuit.

Submitted: May 25, 2017

Decided: May 30, 2017

Sabrina Renee Brown, Appellant Pro Se.

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabrina Renee Brown seeks to appeal the district court's order dismissing her civil complaint under 28 U.S.C. § 1915(e)(2) (2012) without prejudice for failure to state a claim. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Because it is possible that Brown could cure the defects in her complaint through amendment, the order she seeks to appeal is neither a final order nor an

appealable interlocutory or collateral order. *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-25, 628-30 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993). Accordingly, we dismiss the appeal for lack of jurisdiction and remand the case to the district court with instructions to allow Brown to file an amended complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED WITH INSTRUCTIONS*

**IN RE: Beverly L. HENNAGER, Petitioner.**

**No. 17-1498**

United States Court of Appeals, Fourth Circuit.

Submitted: May 9, 2017

Decided: May 30, 2017

Beverly L. Hennager, Petitioner Pro Se.

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beverly L. Hennager has filed a petition for a writ of mandamus in which she asks this court to order the district court to disburse to her earnings derived from the sale of certain property, and to have voided various district court orders with which she disagrees. We conclude that Hennager is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus may not be used as a substitute for appeal, however. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988).

It is clear that Hennager is using mandamus as a substitute for appeal and, in any event, she has not established a clear right to the relief sought. Accordingly, we deny the petition for writ of mandamus and deny as moot her motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

